UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROWEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOUNDVIEW COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 14-cv-05530-WHO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 10 |

**INTRODUCTION**

Plaintiffs Robert Jay Rowen and Lotus Management, LLC, entered into contracts to provide content and other services for defendant Soundview Communications, Inc., which sells dietary supplements and publishes information on alternative medicine in its newsletter titled *Second Opinion*. The contracts included a covenant not to compete that may well be binding in Georgia but unenforceable in California, and a forum selection clause mandating that all suits be brought in Georgia. Notwithstanding the forum selection clause, plaintiffs filed this declaratory relief lawsuit in California, and Soundview moves to transfer or, in the alternative, to dismiss for improper venue. Since the forum selection clause is valid and that public interest factors do not make transfer inappropriate, I GRANT Soundview's motion to transfer.

**BACKGROUND**

**I.     FACTUAL BACKGROUND**

Soundview entered into separate contracts with plaintiffs. The first was between Soundview and Lotus, a Nevada company. Under the Lotus Contract, Soundview paid Lotus to provide Soundview with an editor and author to create articles and materials for *Second Opinion*, to assist in creating and marketing dietary supplements, and to endorse products related to health

and medical treatments. Ex. B. to the Declaration of Robert Rowen [Docket No. 14-10] ("Lotus Contract"), ¶ 3.

The second was between Soundview and Rowen, a well-known expert in alternative medicine who regularly publishes articles, blogs, and social media posts. Ex. A to the Rowen Decl. ("Rowen Contract"), at 1, 7. This contract required Rowen to perform all of the editorial and author duties required for *Second Opinion* and Soundview under the Lotus Contract. *Id*., ¶¶ 3, 5.

Both contracts contained forum selection and choice-of-law clauses. The Rowen Contract stated:

> Rowen acknowledges and agrees that the services to be rendered by or through Lotus, as contemplated by said simultaneously executed Agreement between Lotus and Soundview, are to be rendered in Fulton County, State of Georgia, where *SECOND OPINION* will be compiled and published. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia. It is further agreed that any and all claims or actions brought by any party to this Agreement against any other party to this Agreement shall be brought in a court of competent jurisdiction located in Fulton County, in the State of Georgia. Rowen expressly acknowledges, consents, agrees, and submits to the jurisdiction and venue of the courts of Fulton County, Georgia for the resolution of any disputes between parties.

Rowen Contract, ¶ 17. The Lotus contract contained almost identical forum selection and choice-of-law clauses:

> Lotus, in its behalf and in behalf of any writer or editor furnished through Lotus, acknowledges and agrees the services to be rendered by or through Lotus, as contemplated herein, are to be rendered in Fulton County, State of Georgia, where *SECOND OPINION* will be compiled and published. This Agreement shall be governed by and construed in accordance with the laws of State of Georgia. It is further agreed that any and all claims or actions brought by any party to this Agreement against any other party to this Agreement shall be brought in a court of competent jurisdiction located in Fulton County, in the State of Georgia. The parties hereto expressly acknowledge, consent, agree, and submit to the jurisdiction and venue of the courts of Fulton County, Georgia for the resolution of any disputes between the parties.

Lotus Contract, ¶ 17. The parties changed the venue and the workplace in the forum selection clauses from Fulton County to Gwinnett County, Georgia, when they extended the terms of the contracts on May 10, 2013. Declaration of Garret Wood [Docket No. 10-2], Exs. 3, 4.

The Soundview Contract included a covenant not to compete, which stated:

2

> Lotus agrees, in behalf of any editor furnished by Lotus, during the initial term or any renewal term of this Agreement, and for a period of two (2) years following the termination, withdrawal or resignation of any writer or editor furnished by Lotus or the cessation of such writer or editor to furnish editorial material pursuant to the provisions of this Agreement, that such writer or any agent or employee of Lotus shall be prohibited and restrained from writing for, contributing to or investing in another health newsletter, particularly an alternative health newsletter, or internet web site (or similar electronic medium) that is printing, circulating or distributing material oriented towards health or alternative health issues similar to or in competition with *SECOND OPINION* in the States of Georgia, Florida, California, New York and Texas, without the written consent of Soundview. By the execution hereof, Lotus, in behalf of any writer or editor furnished by Lotus, acknowledges that while *SECOND OPINION* circulates in states other than those named in this paragraph, a concentration of the circulation of *SECOND OPINION* exists in the states named in this subparagraph. Lotus, in behalf of any editor or writer furnished, further agrees the time period and geographical limitation imposed herein and in subparagraphs (c) and (e) are reasonable, acceptable and necessary in order to protect the interests of Soundview and its publication known as *SECOND OPINION*.

Lotus Contract, ¶ 5(d). Further, subparagraph 5(f) stated:

> Lotus, in behalf of itself and any writer or editor furnished by Lotus, acknowledges that the violations of any of the non-compete provisions herein would cause irreparable injury, damage and harm to Soundview, for which it is agreed there is no adequate remedy at law, in which event Soundview shall have the right, in addition to any other remedies available at law or in equity, to enjoin Lotus and/or any writer furnished through Lotus in a court of equity from violating the non-compete provisions hereof.

*Id*. at ¶ 5(f). The Rowen Contract expressly incorporated the Lotus Contract and through it, Rowen agreed to be bound by all representations and agreements made by Lotus, including "to be bound by the non-compete provisions" of the Lotus Contract. Rowen Contract, at pg. 1 & ¶ 2.

Soundview contends it terminated both contracts on August, 30, 2014 and paid a 90 day severance pay to Lotus. Rowen Decl., Ex. C. Rowen and Lotus contend that Soundview materially breached the parties' contracts and they also gave notice to Soundview on November 5, 2014, that they were terminating the contracts, effective January 3, 2015. Compl., ¶ 16.

**II.    PROCEDURAL BACKGROUND**

Rowen and Lotus filed this action in state court in Sonoma County, California, on November 12, 2014. Compl. ¶ 5. On December 18, 2014, Soundview removed the action to this Court. Dkt. No. 1, ¶¶ 1-13. In their Declaratory Relief complaint, Rowen and Lotus seek a declaration that the non-compete provisions in their contracts are unenforceable because they are

void under California Business & Professions Code section 16600. Compl., ¶ 18. Rowen wishes to continue his work in writing, producing, editing and/or publishing information, advice, and recommendations through newsletters, blogs, and internet sites and "to be free of threats or lawsuits by Soundview seeking injunctive relief or damages for exercising his rights to conduct his chosen occupation and profession granted under Business & Professions Code Section 16600." *Id*.

Soundview moves to have this case transferred to the Northern District of Georgia, or in the alternative dismissed, based on the forum selection clause in the parties' contracts. Mot. [Docket No. 10].[1] I heard argument on February 25, 2015.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a case concerns an enforcement of a forum selection clause, section 1404(a) provides a mechanism for its enforcement and "a proper application of §1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S. Ct. 568, 579 (2013) (internal quotation omitted). Plaintiff bears the burden of showing these exceptional circumstances that make transfer inappropriate. *Id.* at 581. Plaintiff must show either that the forum selection clause is not valid or that the public interest factors recognized under section 1404(a) make transfer inappropriate. *Id*. at 579, 582; *see*

---

[1] Soundview moved to transfer under 28 U.S.C. section 1406(a) or, in the alternative, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Dkt. No. 10. However, as the Supreme Court recently made clear in *Atlantic Marine*, "a case filed in a district court that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). The parties do not dispute that this case falls within section 1391 and, regardless, I find that it does because a substantial part of the events occurred in the Northern District of California. *See* Compl. ¶ 5 (indicating that the covenant not to compete prevents Rowen from working at his office in Sonoma County, California, where he regularly publishes articles, blogs, and media posts). I will consider the Motion to Transfer under section 1404(a). *See Stewart v. Luedtke Eng'g Co.*, No. C 05-3467 SBA, 2006 WL 334644, at *5 (N.D. Cal. Feb. 10, 2006) ("A transfer may be made under 28 U.S.C. § 1404(a) . . . by the Court *sua sponte*.") (emphasis in original); *Dudash v. Varnell Struk & Assoc., Inc.*, No. C 04-2748 MHP, 2004 WL 2623903, at *4 (N.D. Cal. Nov. 16, 2004).

4

1   *also Bayol v. Zipcar, Inc.*, No. 14-cv-02483-TEH, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25,
2   2014).

## DISCUSSION

Rowen and Lotus argue that the forum selection clause is not valid because the covenant not to compete contravenes three California public policies: protecting consumers from deceitful business practices under Business and Professions Code section 17200, preventing limits on trade and business activity under Business and Professions Code section 16600, and upholding the right to free speech and expression under California's Constitution. Oppo. 12. Rowen and Lotus also contend that, assuming the forum selection clause is valid, three public interest factors weigh against transfer: California's localized interest in having lawsuits decided at home, California citizens' interests in having lawsuits decided by a California court best versed in California law, and practical considerations such as expediency and lower expenses. Oppo. 21-23. Because none of the public policies identified are tethered to venue, plaintiffs' arguments are unconvincing.

## I. THE FORUM SELECTION CLAUSE IS VALID

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable.'" *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). However, "a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought . . . .'" *Id.* (quoting *Bremen*, 407 U.S. at 15).

Courts in the Ninth Circuit have generally agreed that the choice-of-law analysis is irrelevant to determining if the enforcement of a forum selection clause contravenes a strong public policy. *See*, *e.g.*, *Marcotte v. Micros Sys., Inc.*, No. C 14-01372 LB, 2014 WL 4477349, at *8 (N.D. Cal. Sept. 11, 2014) ("[A] party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis."). Instead, absent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy

specifically related to venue.[2]  *See, e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-98 (9th Cir. 2000) (finding forum selection clause invalid because California policy at issue under California Business and Professions Code section 20040.5 specifically provided that California franchisees were entitled to a California venue for franchise agreement suits); *Monastiero v. appMobi, Inc.*, No. C 13-05711 SI, 2014 WL 1991564, at *6 (N.D. Cal. May 15, 2014) (rejecting plaintiff's arguments based on California's policy for "full and prompt payment of an employee's earned wages", a non-venue policy, because plaintiff did not show a total foreclosure of claims in transferee forum irrespective of private interest factors).

Courts throughout the Ninth Circuit have consistently followed this analysis, rejecting policy arguments unrelated to venue whenever there was no foreclosure of remedy in the transferee forum. *See E. Bay Women's Health*, *Inc. v. gloStream*, *Inc.*, No. C 14-00712 WHA, 2014 WL 1618382, at *3 (N.D. Cal. April 21, 2014) (rejecting consideration of California's public policy against deceptive business practices under the Unfair Competition Act because "the transferee court may decide to apply the substantive law sought by plaintiffs" and plaintiffs "failed to identify a fundamental policy underlying California's Unfair Competition Act that relates to *venue*.") (emphasis in original); *Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*, No. C 12-02189 SI, 2012 WL 4837697, at *3-4 (N.D. Cal. Oct. 10, 2012) (rejecting plaintiff's arguments based on California policies under California Civil Code sections 1542, 1668, and 1717 because "the Court only examines public policy as it relates to venue."); *Hegwer v. Am. Hearing & Assocs*., No. C 11-04942 SBA, 2012 WL 629145, at *3 (N.D. Cal. Feb. 27, 2012) (rejecting plaintiff's argument because plaintiff failed to identify a specific California policy and concluding

---

[2] The foreclosure of remedy must be inevitable. In *AOL*, the court considered a California policy unrelated to venue because, unlike the California policy, the transferee forum did not allow class action lawsuits for consumer claims at all. 552 F.3d at 1079-80, n. 12. In contrast, even if the foreclosure is likely or practically certain, courts still refuse to consider policies unrelated to venue. For example, in *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104 (S.D. Cal. Jan. 26, 2006), the court found that even if a transferee forum applies its own laws and renders a decision against a California plaintiff in virtually every case, the mere ability to argue the application of California law means no foreclosure of remedy and prevents consideration of policies unrelated to venue. *See also Monastiero v. appMobi, Inc.*, No. C 13-05711 SI, 2014 WL 1991564, at *6 (N.D. Cal. May 15, 2014) (finding the forum selection clause valid because plaintiff did not show a total foreclosure of claims in transferee forum irrespective of private interest factors).

1  that any such policy must be related to the forum selection clause itself given that no foreclosure
2  of remedy would exist in the transferee forum); *Gamayo v. Match.com*, No. C 11-00762 SBA,
3  2011 WL 3739542, at *6 (N.D. Cal. Aug. 24, 2011) (rejecting plaintiff's policy argument
4  concerning the California Legal Remedies Act because plaintiff failed to show a total foreclosure
5  of remedy in Texas); *Besag v. Custom Decorators, Inc.*, No. C 08-05463 JSW, 2009 WL 330934,
6  at *3-4 (N.D. Cal. Feb. 10, 2009) (refusing to consider a strong public policy of "providing
7  damages to employees who have been deprived of their meal and/or rest periods" under California
8  Labor Code section 226.7(b) because "Besag presents no evidence that the public policy
9  underlying her claim expressly related to venue[.]").

Drilling down, courts in this District have applied this analysis when addressing the main public policy asserted here, California's prohibition on non-compete agreements. In *Marcotte*, a post *Atlantic Marine* case decided in 2014, a judge in this District addressed the validity of a forum selection clause in the context of an action challenging a covenant not to compete and found it enforceable. 2014 WL 4477349, at *6, *9. Plaintiff argued, as Rowen and Lotus do here, that the enforcement of the forum selection clause violated California's public policy against covenants not to compete under Business and Professions Code section 16600. *Id.* at *8. Plaintiff noted, as Rowen and Lotus do here, that the transferee forum, unlike California, allowed covenants not to compete. *Id.*; Oppo. 12. The court found this argument irrelevant. *Id*. "[T]his case does not involve foreclosure of a remedy . . . ." *Id.* Instead, "choice of law issues are the same for a district court in Maryland or California: both courts, sitting in diversity, consider which law (California or Maryland) to apply to the claims." *Id.* This makes the forum selection clause separate from the choice-of-law analysis and therefore "a party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis." *Id.* (citing *Besag*, 2009 WL 330934, at *3-4).

Another judge in this District similarly found a forum selection clause valid in a case challenging a covenant not to compete. *Hartstein v. Rembrandt IP Solutions, LLC*, No. 12-2270 SC, 2012 WL 3075084, at *6 (N.D. Cal. July 30, 2012). Plaintiff argued that enforcing the forum selection clause would contravene California's public policy against covenants not to compete

7

1   under section 16600 and that the transferee forum, unlike California, upholds such covenants. *Id.*
2   at *1, *5. The court found that the "problem with Plaintiff's argument is that it does not challenge
3   the reasonableness of the forum selection clause itself, only the reasonableness of its effect." *Id.*
4   The argument, if accepted, forces the court to "make a determination of the potential outcome of
5   the litigation on the merits in the transferee forum and whether that outcome would conflict" with
6   California policies. *Id.* It asks for an overly complex analysis of "detailed speculation[.]" The
7   court then limited its analysis only to whether the forum selection clause itself was contrary to
8   California law or policy and found that the forum selection clause was valid. *Id.* at *6.

9   In *Universal Operations Risk Management, LLC v. Global Rescue LLC*, No. C 11-5969
10  SBA, 2012 WL 2792444, at *4 (N.D. Cal. July 9, 2012), a third judge in this District found a
11  forum selection clause valid in a case challenging a covenant not to compete. Plaintiffs argued
12  that enforcing the forum selection clause would violate California's policy against covenants not
13  to compete under section 16600 and that the transferee forum, unlike California, upholds such
14  covenants. *Id.* at *4, *6. The court enforced the forum selection clause, concluding that plaintiffs
15  only "speculate as to how a Massachusetts court may rule on the choice of law clause" and "do not
16  directly challenge the forum selection clause itself." *Id.*[3]

17  Similarly, judges in the Southern District of California have also refused to consider
18  California's policy against non-compete agreements in determining whether a forum selection
19  clause was valid. *See Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB (NLS), 2015
20  WL 728631, at *11-12 (S.D. Cal. Feb. 19, 2015) (transferring the case to New Jersey despite a
21  non-compete provision and rejecting plaintiff's policy arguments based on Business and
22  Professions sections 16600 and 17200 because "the Court does not find that the forum selection

---

[3] As noted above, plaintiffs also allege that transfer would violate California's public policy against deceptive business practices (as codified in the UCL, Bus. & Prof. Code § 17200 *et seq.*) and California's strong policy of protecting its citizens' rights to speech and expression. Oppo. at 13. Plaintiffs, however, cite no cases where California courts have relied on these general public policies to invalidate a forum selection clause. *But see E. Bay Women's Health, Inc. v. gloStream, Inc.*, No. C 14-00712 WHA, 2014 WL 1618382, at *3 (rejecting plaintiff's argument that California's public policy as codified in the UCL should invalidate a forum selection clause because plaintiffs "failed to identify a fundamental public policy underlying California's Unfair Competition Act that relates to venue.").

clause in the Employment Agreement itself [as opposed to its effect due to choice of law] contravenes California public policy."); *see also Swenson v. T-Mobile United States, Inc.*, 415 F. Supp. 2d 1101, 1103 (S.D. Cal. 2006). As the court in *Swenson* explained, plaintiff mounted "no direct challenge to the forum selection clause itself, but only to its effect." 415 F. Supp. 2d at 1103-04, 1105. Even after a court in Washington heard the case, applied Washington laws, and ruled against the California plaintiff, the court stated:

> While the Court notes that a Washington court's application of Washington law to the matter at hand may arguably lead to a result conflicting with the provisions of § 16600, Swenson was free to, and in fact, did argue for the application of California law. The fact that the Washington court ruling resulted in a decision unfavorable to Swenson does not mandate a finding that the clause requiring the case be litigated in Washington is invalid. Notwithstanding Swenson's contention that forum states apply their own law in "virtually every case," the Washington court could have applied California law if it found application appropriate. The Washington court dutifully considered whether to apply Washington or California law to the agreement in question and its determination was based on an application of each state's choice of law standards.

*Id.* at 1104. The court then noted that if "Swenson's argument were correct, forum selection clauses would be largely meaningless as it would depend on who filed first and whether that forum's law was more favorable to them." *Id.* at 1105.

Outside of the non-compete context, judges in other districts also limit policy considerations to venue when there is no foreclosure of remedy in the transferee forum. *See Mazzola v. Roomster Corp.*, No. CV 10-5954 AHM (JCGx), 2010 WL 4916610, at *3 (C.D. Cal. Nov. 30, 2010) (refusing to consider a California policy favoring class actions under Consumer Legal Remedies Act because "Plaintiff is free to pursue remedies in federal court in New York" and "is free to argue for application of California law."); *Billing v. CSA-Credit Solutions of Am., Inc.*, No. 10-cv-0108 BEN (NLS), 2010 WL 2542275, at *4 (S.D. Cal. June 22, 2010) (rejecting policy arguments unrelated to venue because there "is no reason to believe that Texas courts will not or cannot entertain Plaintiff's choice of law arguments or that they cannot apply California law[.]").

Here, there is no reason why the Georgia court will not or cannot entertain Rowen's and Lotus's choice of law arguments. Rowen may challenge the non-compete agreement in Georgia

1   and argue (under the applicable choice-of-law analysis) that California law should apply in light of

2   Rowen's status as a California resident and California's strong public policy against non-compete

3   provisions.  Lotus may make similar arguments.  Even if Georgia law is determined to apply,

4   Rowen and Lotus will still be free to argue that enforcement of the non-compete would be

5   "unreasonable" under Georgia law.  *See, e.g.*, *Fab'rik Boutique, Inc. v. Shops Around Lenox, Inc.*,

6   329 Ga. App. 21, 25, 763 S.E.2d 492, 495 (2014). There is simply no foreclosure of remedy in

7   Georgia.[4]

8       Here, Rowen and Lotus did not make any arguments specifically related to venue or mount

9   a public policy challenge to the validity of the forum selection clause itself.  Nor have they shown

10   that transfer to Georgia would foreclose all of their remedies.  As such, Rowen and Lotus have not

11   met their heavy burden of showing that the forum selection clause is not valid.

12   **II.   PUBLIC INTEREST FACTORS DO NOT WEIGH AGAINST TRANSFER**

13       Once a court finds that the forum selection clause is valid, the clause "should be given

14   controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc.*, 134 S.

15   Ct. at 582.  Plaintiff bears the burden of demonstrating that relevant factors weigh against transfer

16   and "a district court may consider arguments about public-interest factors only." *Id*. at 581-82.

17   These factors include "the administrative difficulties flowing from court congestion; the local

18   interest in having localized controversies decided at home; [and] the interest in having the trial of a

19   diversity case in a forum that is at home with the law." *Id*. at 581, n. 6 (internal quotation

20   omitted). "[T]he plaintiff's choice of forum merits no weight" and the "transfer of venue will not

---

[4] Rowen and Lotus cite case law suggesting that courts may consider public policies unrelated to venue even if there is no foreclosure of remedies in the transferee court. In *Bayol v. Zipcar, Inc.*, No. 14-cv-02483 TEH, 2014 WL 4793935, at *3-4 (N.D. Cal. Sept. 25, 2014), a judge in this District considered California public policies unrelated to venue because the rights and remedies at issue—which would have been given up in the transferee court under Massachusetts law—were unwaivable under to California Legal Remedies Act. Similarly, in *Perry v. AT&T Mobility LLC*, No. C 11-01488 SI, 2011 WL 4080625, at *4, n. 4 (N.D. Cal. Sept. 12, 2011), another judge in this District considered California public policies unrelated to venue because the purpose of the whole contract at issue—not just the forum selection clause—was to evade California laws.  The considerations at play in those cases do not arise here.  The California legislature has not declared that the protections of section 16600 are not waiveable and "a single non-compete clause in a contract is categorically different than the creation of an entire contract for the purpose of evading California" law.  *See id*.; *Bayol*, 2014 WL 4793935, at *3-4 (relying on the CLRA's express provision prohibiting waiver of its protections).

carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 581, 582.

Here, two of the public interests plaintiff identifies—"practical considerations" such as expediency and lower expenses of litigating in California and California citizens' desire to have a California court familiar with California law decide the dispute—are irrelevant. As the Supreme Court noted in *Atlantic Marine*, "convenience" and expense are private interests that "weigh entirely in favor of the preselected forum." *Id*. at 582-83; *see also Monastiero*, 2014 WL 1991564, at *5 (finding that "practical problems" that are "related to making trial of a case easy, expeditious and inexpensive" have been "deemed private interest factors that may not be considered[.]"). With respect to the familiarity of the Georgia court with California law, as the Supreme Court recognized, "federal judges routinely apply the law of a State other than the State in which they sit." *Atlantic Marine Const. Co., Inc.*, 134 S. Ct. at 584. As in *Atlantic Marine*, plaintiffs here do not identify any "exceptionally arcane features" of California's Unfair Competition Law or Business and Professions Code "that are likely to defy comprehension by a federal judge sitting in" Georgia. *Id.*

This leaves only one interest: the local interest in having the lawsuit decided at home. Oppo. 21. This interest is insufficient to prevent transfer in this case for three reasons. First, this limited interest does not outweigh all the private interest factors presumed to be in favor of the transferee forum and the controlling weight already given to the forum selection clause. *See Atlantic Marine Const. Co., Inc.*, 134 S. Ct. at 582-83. Second, the plaintiff's choice of forum generally merits no weight in this context. *Id.* at 581. Third, there are interests other than Rowen's at play, including those of Soundview, a Georgia corporation that negotiated the contracts with Georgia venue and choice of law provisions, and Lotus, the Nevada limited liability company. The effects of this litigation, while undoubtedly affecting Rowen as a resident of California, also have effects in Georgia and Nevada. Simply put, Rowen's interest in having this dispute settled in California does not make this an "exceptional case" that defeats application of a valid forum selection clause. *Id.*

11

**CONCLUSION**

For the foregoing reasons, I find that the forum selection clause is valid and that public interest factors do not make transfer inappropriate. I GRANT the Motion to Transfer under 28 U.S.C. section 1404(a). The Clerk shall transfer this case to the Northern District of Georgia.

**IT IS SO ORDERED**.

Dated: March 2, 2015

WILLIAM H. ORRICK
United States District Judge